ROBERT J. VIZAS (No. 56187)
robert.vizas@apks.com
SHARON D. MAYO (No. 150469)
sharon.mayo@apks.com
STEPHANIE I. FINE (No. 305485)
stephanie.fine@apks.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA  94111-4024
Telephone:     415.471.3100
Facsimile:     415.471.3400

Attorneys for VISA INC.,
VISA INTERNATIONAL SERVICE
ASSOCIATION, and VISA U.S.A. INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADWAY GRILL, INC., a California Corporation, on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>VISA, INC., a Delaware Corporation, VISA INTERNATIONAL ASSOCIATION, and VISA U.S.A., INC., a Delaware Corporation and DOES 1-500.<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332(d), 1453(b), and 1446(b)** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION (erroneously named in the caption as Visa International Association), and VISA U.S.A. INC. hereby remove again to this Court the action currently pending in the Superior Court of the State of California for the County of San Mateo, entitled "*BROADWAY GRILL, INC., a California Corporation, on Behalf of Itself and All Others Similarly Situated, Plaintiff, v. VISA, INC., a Delaware Corporation, VISA INTERNATIONAL ASSOCIATION, and VISA U.S.A., Inc., a Delaware Corporation and DOES 1-500, Defendants*," Case Number 16CIV00392, filed on July 12, 2016.  The grounds and bases for this removal are as follows:

### SUMMARY OF CASE POSTURE AND BASIS FOR FEDERAL JURISDICTION

1.      On July 12, 2016, Plaintiff Broadway Grill, Inc. ("Plaintiff" or "Broadway Grill") filed the Complaint in this putative class action against Visa Inc., Visa International Service Association, and Visa U.S.A. Inc. (collectively, "Visa" or "Defendants") in the Superior Court of the State of California for the County of San Mateo (hereinafter "Complaint" or "Compl.").

2.      On July 18, 2016, Visa timely removed this action to the United States District Court for the Northern District of California pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d).  As Visa explained in its removal papers, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) based upon the diversity-of-citizenship and amount-in-controversy requirements applicable to class actions.  The diversity-of-citizenship requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because at least one member of the putative Plaintiff class alleged in the Complaint was a citizen of a State different from at least one Defendant.  The amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied because the aggregate alleged claims of the individual members of the putative class exceed the sum or value of $5,000,000, exclusive of interest and costs.

3.      On July 22, 2016, Plaintiff moved to remand the case.  This Court denied that motion on August 29, 2016.

4.      On August 31, 2016, Plaintiff moved for leave to file an amended complaint and to

remand the case.  Plaintiff sought primarily to amend the class definition, as described below.

5.     On September 27, 2016, this Court granted Plaintiff leave to amend the Complaint and remanded the case to San Mateo Superior Court.

6.     That same day, Visa filed in the Ninth Circuit a petition for permission to appeal this Court's decision.

7.     On March 20, 2017, the Ninth Circuit granted Visa's petition for permission to appeal.

8.     After briefing and oral argument on the appeal, on May 18, 2017, the Ninth Circuit issued its Opinion reversing the order in which this Court remanded the case to state court, and remanding the case to this Court for further proceedings.  *Broadway Grill, Inc. v. Visa Inc.*, No. 17-15499, 2017 WL 2174549 (9th Cir. May 18, 2017) (Exhibit A, attached hereto).

9.     As explained below, on the basis of the Ninth Circuit's Opinion, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1446(b)(3).

## SUMMARY OF COMPLAINT

10.     Plaintiff—like the members of the putative class Plaintiff purports to represent—is allegedly a merchant that accepts Visa-branded payment cards in California.  Plaintiff avers, among other things, that Defendants have set "default" interchange fees in connection with Visa-branded card transactions at artificially high levels, imposed various supposed "merchant restraints," and tied together credit products and separate network services.  (Compl. ¶ 4; Amended Complaint (hereinafter "Amended Complaint" or "Am. Compl.") ¶ 4).  Plaintiffs allege that "[t]hese horizontal restraints have restricted competition in the relevant market and have allowed Visa to extract supracompetitive, artificially inflated interchange fees from Plaintiff and other retail merchants." (Compl. ¶ 5; Am. Compl. ¶ 5).  Plaintiff asserts violations of the California Cartwright Act, Cal. Business and Professions Code Sections 16700 *et seq.*, as well as the California Unfair Competition Law, Cal. Business and Professions Code Sections 17200 *et seq.*

11.     Plaintiff originally brought this action as a putative class action purportedly on behalf of "All California individuals, businesses, and other entities who accepted Visa-Branded Cards in California since January 1, 2004 and continuing through the date of Trial."  (Compl. ¶ 89).

After Visa removed, Plaintiff filed an Amended Complaint in this Court that changed the class definition to read "All California citizens who are individuals, businesses and other entities who accepted Visa-Branded Cards in California since January 1, 2004 and continuing through the date of trial." (Am. Compl. ¶ 90).

12.     Plaintiff seeks actual and statutory damages, restitution, pre-judgment and post-judgment interest, costs, and attorneys' fees. (Compl., Prayer for Relief ¶¶ 110-14; Am. Compl., Prayer for Relief ¶¶ 111-15). The original Complaint alleges that the challenged conduct has "caus[ed] billions in damages to California merchants" (Compl. ¶ 3.), while the Amended Complaint filed in this Court alleges that the challenged conduct has "caus[ed] billions in damages to California citizens who are merchants" (Am. Compl. ¶ 3).

13.     In its May 18, 2017 Opinion, the Ninth Circuit concluded that plaintiffs may not "amend their complaint, after a case has been removed to federal court, to change the definition of the class so as to eliminate minimal diversity and thereby divest the federal court of jurisdiction." *Broadway Grill, Inc. v. Visa Inc.*, No. 17-15499, 2017 WL 2174549, at *1 (9th Cir. May 18, 2017). The Ninth Circuit reversed the order of the district court remanding this case to state court, and remanded the matter to this Court for further proceedings. *Id.* at *4.

## PROCESS, PLEADINGS, AND ORDERS SERVED ON DEFENDANTS

14.     On July 12, 2016, Plaintiff commenced the instant action by filing a Complaint in the Superior Court of the State of California for the County of San Mateo. A true and correct copy of the Complaint is attached hereto as Exhibit B. The action was designated as Case No. 16CIV00392.

15.     On July 12, 2016, the Superior Court issued a notice of case management conference. A copy of the Notice of Case Management Conference, as obtained by Defendants from the state court file, is attached as Exhibit C.

16.     On July 15, 2016, Plaintiff served a copy of the Complaint and a Summons on Defendants Visa Inc. and Visa U.S.A. Inc., along with a copy of a Civil Case Cover Sheet; the Civil Appropriate Dispute Resolution (ADR) Information Sheet; ADR Stipulation and Evaluation Instructions; Case Management Statement Form; Superior Court of California, County of San Mateo: Chapter 2. Civil Trial Court Management Rules, Part 1. Management Duties; Deposit of

Advance Jury Fees Frequently Asked Questions; and Notice of Case Management Conference. True and correct copies of the Summons to Visa Inc., Summons to Visa U.S.A. Inc., Civil Case Cover Sheet, Civil Appropriate Dispute Resolution (ADR) Information Sheet; ADR Stipulation and Evaluation Instructions; Case Management Statement Form; Superior Court of California, County of San Mateo: Chapter 2. Civil Trial Court Management Rules, Part 1. Management Duties; Deposit of Advance Jury Fees Frequently Asked Questions; and Notice of Case Management Conference are attached hereto collectively as Exhibit D.

17.     Upon removal of the action on July 18, 2016, this Court assigned the matter to the Hon. Phyllis J. Hamilton under case number 4:16-cv-04040-PJH.  Attached hereto as Exhibit E is a true and correct copy of the docket sheet for case number 4:16-cv-04040-PJH, reflecting all of the documents filed in the action and served on Defendants while it was in this Court.  Defendants incorporate those documents herein by reference.

18.     Following this Court's September 27, 2017 order remanding the case to state court, the San Mateo Superior Court issued a Notice of Case Management Conference on October 24, 2017.  A true and correct copy of this Notice is attached as Exhibit F.

19.     On November 3, 2016, the Superior Court issued a Notice of Complex Case Status Conference.  A true and correct copy of this Notice is attached as Exhibit G.

20.     On January 4, 2017, the Superior Court issued an Order Designating Case Complex and Assigning Case for All Purposes.  A true and correct copy of this Order is attached as Exhibit H.

21.     On January 6, 2017, the Superior Court issued Case Management Order #1 and Order for Permissive E-Filing.  A true and correct copy of this Order is attached as Exhibit I.

22.     On January 31, 2017, the Superior Court issued Case Management Order #2.  A true and correct copy of this Order is attached as Exhibit J.

23.     On March 20, 2017, the Ninth Circuit granted Visa's petition for permission to appeal.  A true and correct copy of the Ninth Circuit's Order, Letter, and attachments are attached hereto collectively as Exhibit K.

24.     On April 19, 2017, the San Mateo Superior Court issued Case Management Order

1   #3.  A true and correct copy of this Order is attached as Exhibit L.

2       25.     On April 21, 2017, Visa filed its Motion for Judgment on the Pleadings, and

3   supporting documents.  True and correct copies of the Motion and supporting documents are

4   attached as Exhibit M.

5       26.     On April 26, 2017, the Superior Court issued an Order Denying Motion to Stay.  A

6   true and correct copy of this Order is attached as Exhibit N.

7       27.     On May 12, 2017, Plaintiff filed its Opposition to Defendants' Motion for Judgment

8   on the Pleadings, and supporting documents.  True and correct copies of the Opposition and

9   supporting documents are attached as Exhibit O.

10      28.     On May 18, 2017, the Ninth Circuit issued its Opinion reversing the order in which

11  this Court remanded the case to state court, and remanding the case to this Court for further

12  proceedings.  *Broadway Grill, Inc. v. Visa Inc.*, No. 17-15499, 2017 WL 2174549 (9th Cir. May 18,

13  2017).  A true and correct copy of the Ninth Circuit's Order, as obtained by Defendants from the

14  Ninth Circuit docket, is attached as Exhibit A.

## **TIMELY REMOVAL**

16      29.     Defendants first received a copy of the Ninth Circuit's Opinion reversing the order in

17  which this Court remanded the case to state court, and remanding the case to this Court for further

18  proceedings, on May 18, 2017, the date the Ninth Circuit filed the Opinion.  (*See* Exhibit A hereto.)

19      30.     Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3)

20  because it is "filed within thirty days after receipt … of a copy of an … other paper from which it

21  may first be ascertained that the case is one which is or has become removable."  The Ninth

22  Circuit's Opinion reversing the order in which this Court remanded the case to state court, and

23  remanding the case to this Court for further proceedings, is an "other paper" from which Defendants

24  ascertained that the case has become removable.  *See Fitzwater v. Bank of Am., N.A.*, No. 2:15-CV-

25  0825-GMN-NJK, 2015 WL 8328269, at *3 (D. Nev. Dec. 8, 2015); *Roth v. CHA Hollywood Med.*

26  *Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247,

27  1251 (9th Cir. 2006); *Hudson v. Pinkerton Sec. Servs.*, No. C-04-2657 RMW, 2004 WL 2075449, at

28  *3 (N.D. Cal. Sept. 16, 2004).

**PROPER COURT FOR REMOVAL**

31.     Venue exists in the Northern District of California, because the Superior Court of the State of California for the County of San Mateo is within the Northern District of California.

**NO JOINDER NECESSARY**

32.     Defendants Visa Inc., Visa International Service Association, and Visa U.S.A. Inc., are the sole Defendants named or identified in the Complaint and Amended Complaint.  No other defendants are required to consent to this Notice of Removal.  (28 U.S.C. § 1453(b); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (approval of nominal and unknown defendants not required for removal)).

**NOTICE OF REMOVAL**

33.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of California, County of San Mateo, and Plaintiff is being duly served with written notice of the removal.

**THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1332(d)(2)**

34.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453(b), in that at the time of the first removal, it was a putative class action in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and in which at least one member of the putative Plaintiff class was a citizen of a State different from at least one named Defendant.  Defendants detailed the bases for removal in their original removal petition.  *See Broadway Grill, Inc. v. Visa Inc.*, No. 4:16-cv-04040-PJH (N.D. Cal. July 18, 2016), ECF No. 1 (Notice of Removal) ¶¶ 13-23; ECF No. 1-4 (Declaration of Douglas Stewart); ECF No. 1-5 (Declaration of Robert Steinmetz).  As the Ninth Circuit concluded, the district court properly had jurisdiction over this matter when it was first removed to this Court, and the Amended Complaint did not affect the removability of the action.  *Broadway Grill, Inc. v. Visa Inc.*, No. 17-15499, 2017 WL 2174549, at *4 (9th Cir. May 18, 2017).

//

//

WHEREFORE, Defendants hereby remove this action now pending against them in the Superior Court of California, County of San Mateo, to this Honorable Court.

DATED:  May 23, 2017

ARNOLD & PORTER KAYE SCHOLER LLP

By:  /s/ Sharon D. Mayo
Robert J. Vizas
robert.vizas@apks.com
Sharon D. Mayo
sharon.mayo@apks.com
Stephanie I. Fine
stephanie.fine@apks.com
Three Embarcadero Center, 10th Floor
San Francisco, CA  94111-4024
Telephone:      415.471.3100
Facsimile:       415.471.3400

Attorneys for Defendants
VISA INC., VISA INTERNATIONAL
SERVICE ASSOCIATION and VISA
U.S.A. INC.